## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## AT NASHVILLE

| | | |
|---|---|---|
| **LEIGHANN TUCK,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| | ) | **Docket No.** |
| | ) | |
| **SUNCREST HEALTH CARE, INC.,** | ) | |
| | ) | **JUDGE:** |
| **Defendant.** | ) | |
| | ) | **JURY DEMAND** |
| | ) | |

## COMPLAINT

COMES NOW the Plaintiff, by and through counsel, and submits her Complaint against Defendant. Plaintiff would allege as follows:

1. Plaintiff is a citizen and resident of Macon County, Tennessee.

2. Defendant SunCrest Health Care, Inc. is a for-profit entity with its principal place of business being 510 Hospital Drive, Madison, TN 37114. It's agent for service of process is National Corporate Research Ltd., Inc., 992 Davidson Drive, Suite B, Nashville, TN, 37205-1501.

## JURISDICTION

3. All of the events complained of herein occurred in this Judicial District and the defendant is an entity contained herein, which gives rise to venue in this district, under 28 U.S.C. §1391(b).

4. This Court has jurisdiction over the lawsuit according to 28 U.S.C. §§ 451, 1331, 1337, and 1343. The Court has jurisdiction of the lawsuit in that it arises under the Americans with Disability Act of 1990, 42 U.S.C. §12117(a), which incorporates by reference § 706(f)(1)(3) with Title VII, 42 U.S.C. §2000e-5(f)(1) and (3), and pursuant to §102 of the Civil Rights Act of

1

1991, 42 U.S.C. §1981a, and the Family Medical Leave Act.

## FACTS

5.  Plaintiff is a Licensed Practical Nurse. She began her employment with the Defendant as a Field Clinician on October 13, 2008.

6.  In April 2011, Plaintiff was transferred to a position as a Clinical IT Help Desk Specialist. Plaintiff was hired to assist Kaseigh Long, LPN in the help desk position, working with Allscripts software.

7.  Due to an increasing work load, and a further expected increase with Defendant's initiation of Home Care Home Base software, Defendant additionally hired a third person, Melissa Blain, RN to work as a Clinical Help Desk Specialist. Ms. Blain was hired after the Plaintiff.

8.  On or about April 28, 2011, Plaintiff was diagnosed with Lyme Disease, a disease which causes fatigue, pain, fever and sweats. Plaintiff has a port in her chest for infusing IV medication.  Plaintiff's disability prevents her from enjoying one or more major life activities. As such, Plaintiff is an individual with a disability as that term is defined in Section 3(2) of the ADA, 42 U.S.C. Section 12102(2).

9.  While going through treatment for her illness, Plaintiff chose to take leave under the Family Medical leave Act, but only intermittently, as she wanted to maintain her job. She also worked remotely from home on days that she felt she couldn't make the commute to work.

10. Due to Plaintiff's illness she was allowed to work from home one day per week in order for her home health care provider to come to her home and assist with her care. However, she continued to go to her job as much as possible.

2

11. In August 2011, Plaintiff was diagnosed with pneumonia, and was required by doctor's orders to stay home. During this time Plaintiff continued to work remotely from home and was always available to her employer. Plaintiff was then advised by Della Marvin, Vice President of Human Resources, that she could only work from home on the one day a week that she had home health care. She was further advised by her supervisor, Richard Anderton, that the issue was that she needed to physically be at work for appearance sake for the vice presidents of the company.

12. During a conference call with Della Marvin and Richard Anderton, Plaintiff was advised that she needed to take leave under the Family Medical Leave Act and the she would be "safer" under the act. Because Plaintiff felt she was being pressured to take leave or face losing her job, she chose to take leave under the Family Medical Leave Act, but only took the days as she needed them, as she didn't want to chance losing her job due an extended leave.

13. On or about February 1, 2008, Plaintiff received a call from John Kiehl and Leo Gomez, directors of the IT Department, advising that the company was restructuring and that her position was being terminated. She was advised of a severance package, but was not offered any alternative position. Three other trainers, however, were offered other jobs in the company, as opposed to taking a lay off.

14. Prior to her termination, Plaintiff was one of three people in her department, and based on productivity reports was, despite her illness, the most productive person in the department. Although the Defendant cited cost cutting as the reason for her termination, Plaintiff was terminated before a higher paid co-worker in the department who was hired after the Plaintiff and had less experience than the Plaintiff.

3

15. When Plaintiff picked up her termination paperwork from Martee Harris, Senior Vice President of Human Resources, again there was no other position offered to her.

16. Plaintiff contacted Paula Ferrell, Regional Administrator for the Defendant, and was advised of some possible PRN work. The possible position was with SunCrest Private Duty, and did not include any benefits. Additionally, Plaintiff was unsure of the physical requirements, and whether she could perform the job due to her illness.

17. Based on the foregoing, Plaintiff submits that she was targeted for termination due to her perceived disability.

18. As a result of the Defendant's intentional actions, Plaintiff suffered a loss of income and benefits, and continues to suffer distress and emotional pain along with other damages.

19. Plaintiff received a Right to Sue letter on July 20, 2012.

## CAUSES OF ACTION

### I. Disability Discrimination

20. Plaintiff incorporates herein by reference the factual allegations outlined in paragraphs 1 through 19.

21. Plaintiff alleges that the intentional acts and omissions as described herein by the Defendant constitute violations of the Americans with Disability Act of 1990, which entitles her to compensatory damages in the amount of $300,000.00, reinstatement, back pay, front pay, and attorney's fees and costs.

### II. Retaliation for exercising her rights under the Family Medical Leave Act

22. Plaintiff alleges that she has been discriminated against and retaliated against for exercising her rights under the Family Medical Leave Act when requesting intermittent leave.

4

23.     As a result of the Defendant's intentional actions, Plaintiff has suffered a loss of income and benefits and is entitled to an award of compensatory damages.

### III.  Retaliation

22.     Plaintiff incorporates herein by reference the factual allegations outlined in paragraphs 1 through 19.

23.     Plaintiff alleges that the intentional acts and omissions as described herein by the Defendant constitute adverse employment actions of retaliation for filing charges of discrimination under either Title VII, the Americans with Disability Act, which entitles her to compensatory damages in an amount of $300,000.00, reinstatement, back pay, front pay, and attorney's fees and costs.

### PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for the following relief:

1.     That proper process issue be served upon the defendant and that the defendant be required to answer within the time prescribed by law.

2.     The plaintiff receive compensatory damages, reinstatement, back pay, and front pay against the defendant in an amount supported by the proof in this cause.

3.     That this Court grant a permanent injunction in joining the defendant, as officers, successors, assigns and all persons in active consort or participation with it, from engaging in employment practice which discriminates on the basis of disability.

4.     That this matter be set for a trial by jury.

5.     That the plaintiff be awarded her reasonable fees, costs, fees and expenses incurred herein.

6.     For all such other general or specific relief to which the plaintiff may be entitled as the Court deems and as justice and equity require.

5

Respectfully submitted,
ANDY L. ALLMAN & ASSOCIATES

Andy L. Allman, BPR No. 17857
Michael A. Tolbird, BPR No. 18254
103 BLUEGRASS COMMONS BLVD.
Hendersonville, TN 37075
Telephone: (615) 824-3761
Facsimile: (615) 824-2674
andylallman@comcast.net
andrewtolbird@comcast.net

6